UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DESMOND WITHERSPOON,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>TERRY RIVERS,<br><br>　　　　　　　　　　　Defendant. | Civil Action No. 14-5561 (SRC)<br><br>**OPINION** |

**CHESLER**, District Judge

　　This matter comes before the Court on the application filed by Plaintiff Desmond Witherspoon ("Plaintiff" or "Witherspoon") to proceed in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

　　At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, under 28 U.S.C. § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed. The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> 　　(A) the allegation of poverty is untrue; or

2

    (B) the action or appeal –

        (i)      is frivolous or malicious;

        (ii)     fails to state a claim on which relief may be granted; or

        (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Witherspoon has filed this action against Terry Rivers, identified as a member of the "New Jersey Parole Office/Executive Clemency," alleging that she has violated Witherspoon's Sixth Amendment rights. He seeks, as a remedy, a court date for the restoration of his Second Amendment right to bear arms, and damages in the amount of $5,000. For the reasons expressed below, Plaintiff's claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The applicable standard of review for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Witherspoon may be attempting to state a claim for relief pursuant to 42 U.S.C. § 1983, for violation of some right secured by the Sixth Amendment (and possible the Second Amendment as well). However, the Complaint alleges no facts. Witherspoon's bare-bones assertions fail to state a plausible claim.

For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee but will simultaneously order it to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate Order will be filed.


  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: September ___, 2014